UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| **Federal Home Loan Mortgage Corporation (FHLMC)** | CIVIL ACTION NO: 0 |
|---|---|
| **Plaintiff** | COMPLAINT |
| vs. | RE:<br>4 George Street, Springvale, ME 04083 |
| **Mary Johnson and James A. Johnson** | Mortgage:<br>February 27, 2009<br>Book 15577, Page 257<br>York County Registry of Deeds |
| **Defendants**<br>KeyBank National Association<br>Kevin Gagnon | |
| **Party-In-Interest** | |

NOW COMES the Plaintiff, Federal Home Loan Mortgage Corporation (FHLMC), by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendants, Mary Johnson and James A. Johnson, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs.  Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by Federal

Home Loan Mortgage Corporation (FHLMC), in which the Defendant, James A. Johnson, is the obligor and the total amount owed under the terms of the Note is One Hundred Nine Thousand Eight Hundred Thirty-Three and 28/100 ($109,822.28) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. Federal Home Loan Mortgage Corporation (FHLMC) is a corporation with its principal place of business located at 5000 Plano Parkway, Carollton, TX 75010.

5. The Defendant, James A. Johnson, is a resident of Springvale, County of York and State of Maine.

6. The Defendant, Mary Johnson, is a resident of Springvale, County of York and State of Maine.

7. The Party-in-Interest, Kevin Gagnon, is located at 103 Partridge Dr, Middleton, NH 03887.

8. The Party-in-Interest, Key Bank National Association, is located at 4910 Tideman Road Suite C. Brooklyn, OH. 44144.

## FACTS

9. On April 5, 1996, by virtue of a Warranty Deed from Florence R. Randall, which is recorded in the York County Registry of Deeds in **Book 7903, Page 245**, the property situated at 4 George Street, City/Town of Springvale, County of York, and State of Maine, was conveyed to James A. Johnson and Mary A. Johnson, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

10. On February 27, 2009, Defendant, James A. Johnson, executed and delivered to Taylor, Bean & Whitaker Mortgage Corp. a certain Note under seal in the amount of $82,500.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

11. To secure said Note, on February 27, 2009, Defendants, James A. Johnson and Mary Johnson executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc. as nominee for Taylor, Bean & Whitaker Mortgage Corp., securing the property located at 4 George Street, Springvale, ME 04083 which Mortgage Deed is recorded in the York County Registry of Deeds in **Book 15577**, **Page 257**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

12. The Mortgage was then assigned to Nationstar Mortgage LLC by virtue of an Assignment of Mortgage dated March 27, 2015 and recorded in the York County Registry of Deeds in **Book 16992**, **Page 307**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

13. The Mortgage was then assigned to Select Portfolio Servicing, Inc. by virtue of an Assignment of Mortgage dated December 7, 2018 and recorded in the York County Registry of Deeds in **Book 17858**, **Page 624**. *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

14. The Mortgage was further assigned to Select Portfolio Servicing, Inc. by virtue of a Quitclaim Assignment dated August 26, 2019, and recorded in the York County Registry of Deeds in **Book 18116**, **Page 904**. *See* Exhibit F (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

15. The Mortgage was then assigned to Federal Home Loan Mortgage Corporation (FHLMC) by virtue of an Assignment of Mortgage dated March 17, 2020, and recorded in the York County Registry of Deeds in **Book 18220**, **Page 116**. *See* Exhibit G (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

16. On October 30, 2021, the Defendants, Mary Johnson and James A. Johnson, were sent a Notice of Mortgagor's Right to Cure, as evidenced by the Records of the United States Post office (herein after referred to as the "Demand Letter"). *See* Exhibit H (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

17. The Demand Letter informed the Defendants, Mary Johnson and James A. Johnson, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit H.

18. The Defendants, Mary Johnson and James A. Johnson, failed to cure the default prior to the expiration of the Demand Letter.

19. The Plaintiff, Federal Home Loan Mortgage Corporation (FHLMC), is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

20. The Plaintiff, Federal Home Loan Mortgage Corporation (FHLMC), is the lawful holder and owner of the Note and Mortgage.

21. The Plaintiff, Federal Home Loan Mortgage Corporation (FHLMC), hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 and/or Note and Mortgage were strictly performed.

22. KeyBank National Association is a Party-in-Interest pursuant to a Mortgage in the amount of $25,000.00 dated June 4, 2011, and recorded in the York County Registry of Deeds in **Book 16114**, **Page 606** and is in Second position behind Plaintiff's Mortgage.

23. Kevin Gagnon is a Party-in-Interest pursuant to a Mortgage Deed in the amount of $12,500.00 dated March 21, 2016, and recorded in the York County Registry of Deeds in **Book 17224**, **Page 135** and is in third position behind Plaintiff's Mortgage.

24. The total debt owed under the Note and Mortgage as of April 12, 2022 is One Hundred Nine Thousand Eight Hundred Twenty-Two and 28/100 ($109,822.28) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $83,163.71 |
| Interest | $15,412.86 |
| Late Fees | $21.14 |
| Total Advances | $2,400.38 |
| Escrow Advance | $8,824.19 |
| Grand Total | $109,822.28 |

25. Upon information and belief, the Defendants, Mary Johnson and James A. Johnson, are presently in possession of the subject property originally secured by the Mortgage.

26. Additionally, if either of the Defendants, James A. Johnson and Mary Johnson, have received a Bankruptcy Discharge of this Debt, then this action <u>does not</u> seek any personal liability on the part of that Defendant's, but only seeks *in rem* judgment against the property.

## COUNT I – FORECLOSURE AND SALE

27. The Plaintiff, Federal Home Loan Mortgage Corporation (FHLMC), repeats and re-alleges paragraphs 1 through 26 as if fully set forth herein.

28. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 4 George Street, Springvale, County of York, and State of Maine. *See* Exhibit A.

29. The Plaintiff, Federal Home Loan Mortgage Corporation (FHLMC), is the holder of the Note referenced in Paragraph 10 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, Federal Home Loan Mortgage Corporation (FHLMC), has the right to foreclosure and sale upon the subject property.

30. The Plaintiff, Federal Home Loan Mortgage Corporation (FHLMC), is the current owner and investor of the aforesaid Mortgage and Note.

31. The Defendants, James A. Johnson and Mary Johnson, are presently in default on said Mortgage and Note, having failed to make the monthly payment due November 1, 2018, and all subsequent payments, and, therefore, have breached the condition of the aforesaid Mortgage and Note, however, Mary Johnson did not sign the Note and has no personal liability thereunder.

32. The total debt owed under the Note and Mortgage as of April 12, 2022, is One Hundred Nine Thousand Eight Hundred Twenty-Two and 28/100 ($109,822.28) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $83,163.71 |
| Interest | $15,412.86 |
| Late Fees | $21.14 |

| | |
|---|---:|
| Total Advances | $2,400.38 |
| Escrow Advance | $8,824.19 |
| Grand Total | $109,822.28 |

33. The record established through the York County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

34. By virtue of the Defendants, James A. Johnson and Mary Johnson's breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate.

35. Notice in conformity with 14 M.R.S.A. § 6111 and/or Note and Mortgage was sent to the Defendants, Mary Johnson and James A. Johnson, on October 30, 2021, evidenced by the records of the United Sates Post Office. *See* Exhibit H.

36. The Defendants, Mary Johnson and James A. Johnson, are not in the Military as evidenced by the attached Exhibit I

37. Additionally, if either of the Defendants, James A. Johnson and Mary Johnson, have received a Bankruptcy Discharge of this Debt, then this action <u>does not</u> seek any personal liability on the part of that Defendant's, but only seeks in rem judgment against the property.

## COUNT II – BREACH OF NOTE

38. The Plaintiff, Federal Home Loan Mortgage Corporation (FHLMC), repeats and re-alleges paragraphs 1 through 37 as if fully set forth herein.

39. On February 27, 2009, the Defendant, James A. Johnson, executed under seal and delivered to Taylor, Bean & Whitaker Mortgage Corp. a certain Note in the amount of $82,500.00. *See* Exhibit B.

40. The Defendant, James A. Johnson, is in default for failure to properly tender the November 1, 2018 payment and all subsequent payments, however, since Mary Johnson did not sign the Note, she has no personal liability thereunder. *See* Exhibit H.

41. The Plaintiff, Federal Home Loan Mortgage Corporation (FHLMC), is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, James A. Johnson.

42. The Defendant, James A. Johnson, having failed to comply with the terms of the Note and Mortgage, is in breach of both the Note and the Mortgage.

43. The Defendant James A. Johnson's breach is knowing, willful, and continuing.

44. The Defendant James A. Johnson's breach has caused Plaintiff Federal Home Loan Mortgage Corporation (FHLMC) to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

45. The total debt owed under the Note and Mortgage as of April 12, 2022, if no payments are made, is One Hundred Nine Thousand Eight Hundred Twenty-Two and 28/100 ($109,822.28) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $83,163.71 |
| Interest | $15,412.86 |
| Late Fees | $21.14 |
| Total Advances | $2,400.38 |
| Escrow Advance | $8,824.19 |
| Grand Total | $109,822.28 |

46. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

47. Additionally, if James A. Johnson has received a Bankruptcy Discharge of this Debt, this action <u>does not</u> seek any personal liability on the part of Defendant's, but only seeks in rem judgment against the property.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

48. The Plaintiff, Federal Home Loan Mortgage Corporation (FHLMC), repeats and re-alleges paragraphs 1 through 47 as if fully set forth herein.

49. By executing, under seal, and delivering the Note, the Defendant, James A. Johnson, entered into a written contract with Taylor, Bean & Whitaker Mortgage Corp. who agreed to loan the amount of $82,500.00 to the Defendant. *See* Exhibit B.

50. As part of this contract and transaction, the Defendants, James A. Johnson and Mary Johnson, executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

51. The Plaintiff, Federal Home Loan Mortgage Corporation (FHLMC), is the proper holder of the Note and successor-in-interest to Taylor, Bean & Whitaker Mortgage Corp., and has performed its obligations under the Note and Mortgage.

52. The Defendants, James A. Johnson and Mary Johnson, breached the terms of the Note and Mortgage by failing to properly tender the November 1, 2018, payment and all subsequent payments, however, since Mary Johnson did not sign the Note she has no personal liability thereunder. *See* Exhibit H.

53. The Plaintiff, Federal Home Loan Mortgage Corporation (FHLMC), is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, James A. Johnson.

54. The Defendants, James A. Johnson and Mary Johnson, having failed to comply with the terms of the Note and Mortgage, are in breach of contract.

55. The Defendant, James A. Johnson, is indebted to Federal Home Loan Mortgage Corporation (FHLMC) in the sum of One Hundred Nine Thousand Eight Hundred Twenty-Two and 28/100 ($109,822.28) Dollars, for money lent by the Plaintiff, Federal Home Loan Mortgage Corporation (FHLMC), to the Defendant.

56. Defendants James A. Johnson's breach is knowing, willful, and continuing.

57. Defendants James A. Johnson's breach has caused Plaintiff, Federal Home Loan Mortgage Corporation (FHLMC), to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

58. The total debt owed under the Note and Mortgage as of April 12, 2022, if no payments are made, is One Hundred Nine Thousand Eight Hundred Twenty-Two and 28/100 ($109,822.28) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $83,163.71 |
| Interest | $15,412.86 |
| Late Fees | $21.14 |
| Total Advances | $2,400.38 |
| Escrow Advance | $8,824.19 |
| Grand Total | $109,822.28 |

59. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

60. Additionally, if the Defendant's James A. Johnson and Mary Johnson has received a Bankruptcy Discharge of this Debt, this action <u>does not</u> seek any personal liability on the part of Defendant's, but only seeks in rem judgment against the property.

## COUNT IV – QUANTUM MERUIT

61. The Plaintiff, Federal Home Loan Mortgage Corporation (FHLMC), repeats and re-alleges paragraphs 1 through 60 as if fully set forth herein.

62. Taylor, Bean & Whitaker Mortgage Corp., predecessor-in-interest to Federal Home Loan Mortgage Corporation (FHLMC), loaned Defendant, James A. Johnson, $82,500.00. *See* Exhibit B.

63. The Defendants, James A. Johnson and Mary Johnson, are in default for failure to properly tender the November 1, 2018 payment and all subsequent payments. *See* Exhibit H.

64. As a result of the Defendants James A. Johnson and Mary Johnson's failure to perform under the terms of their obligation, the Defendants, should be required to compensate the Plaintiff, Federal Home Loan Mortgage Corporation (FHLMC).

65. As such, the Plaintiff, Federal Home Loan Mortgage Corporation (FHLMC), is entitled to relief under the doctrine of *quantum meruit*.

66. Additionally, if the Defendant's James A. Johnson and Mary Johnson has received a Bankruptcy Discharge of this Debt, this action <u>does not</u> seek any personal liability on the part of Defendant's, but only seeks in rem judgment against the property.

## COUNT V – UNJUST ENRICHMENT

67. The Plaintiff, Federal Home Loan Mortgage Corporation (FHLMC), repeats and re-alleges paragraphs 1 through 66 as if fully set forth herein.

68. Taylor, Bean & Whitaker Mortgage Corp., predecessor-in-interest to Federal Home Loan Mortgage Corporation (FHLMC), loaned the Defendant, James A. Johnson, $82,500.00. *See* Exhibit B.

69. The Defendants, James A. Johnson and Mary Johnson, have failed to repay the loan obligation.

70. As a result, the Defendants, James A. Johnson and Mary Johnson, have been unjustly enriched to the detriment of the Plaintiff, Federal Home Loan Mortgage Corporation (FHLMC) as successor-in-interest to Taylor, Bean & Whitaker Mortgage Corp. by having received the aforesaid benefits and money and not repaying said benefits and money.

71. As such, the Plaintiff, Federal Home Loan Mortgage Corporation (FHLMC), is entitled to relief.

72. Additionally, if the Defendant's James A. Johnson and Mary Johnson has received a Bankruptcy Discharge of this Debt, this action <u>does not</u> seek any personal liability on the part of Defendant's, but only seeks in rem judgment against the property.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Federal Home Loan Mortgage Corporation (FHLMC), prays this Honorable Court:

a) Issue a judgment of foreclosure and sale in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, Federal Home Loan Mortgage Corporation (FHLMC), upon the expiration of the period of redemption;

c) Find that the Defendant, James A. Johnson, is in breach of the Note by failing to make payment due as of November 1, 2018, however, since Mary Johnson did not sign the Note, she has no personal liability thereunder, and all subsequent payments;

d) Find that the Defendants, James A. Johnson and Mary Johnson, are in breach of the Mortgage by failing to make payment due as of November 1, 2018, and all subsequent payments;

e) Find that the Defendants, James A. Johnson and Mary Johnson, entered into a contract for a sum certain in exchange for a security interest in the subject property;

f)  Find that the Defendants, James A. Johnson and Mary Johnson, are in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due November 1, 2018 and all subsequent payments;

g)  Find that the Plaintiff, Federal Home Loan Mortgage Corporation (FHLMC), is entitled to enforce the terms and conditions of the Note and Mortgage;

h)  Find that by virtue of the money retained by the Defendants, James A. Johnson and Mary Johnson have been unjustly enriched at the Plaintiff's expense;

i)  Find that such unjust enrichment entitles the Plaintiff, Federal Home Loan Mortgage Corporation (FHLMC), to restitution;

j)  Find that the Defendants, James A. Johnson and Mary Johnson, are liable to the Plaintiff, Federal Home Loan Mortgage Corporation (FHLMC), for money had and received;

k)  Find that the Defendants, James A. Johnson and Mary Johnson, are liable to the Plaintiff for quantum meruit;

l)  Find that the Defendants, James A. Johnson and Mary Johnson, have appreciated and retained the benefit of the Mortgage and the subject property;

m)  Find that it would be inequitable for the Defendants, James A. Johnson and Mary Johnson, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

n)  Find that the Plaintiff, Federal Home Loan Mortgage Corporation (FHLMC), is entitled to restitution for this benefit from the Defendants, James A. Johnson and Mary Johnson;

o)  Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

p) Additionally, issue a money judgment against the Defendants, James A. Johnson and Mary Johnson, and in favor of the Plaintiff, Federal Home Loan Mortgage Corporation (FHLMC), in the amount of One Hundred Nine Thousand Eight Hundred Twenty-Two and 28/100 ($109,822.28 Dollars, the total debt owed under the Note, however, since Mary Johnson did not sign the Note she has no personal liability thereunder, plus interest and costs including attorney's fees and costs;

q) Additionally, if the Defendant's James A. Johnson and Mary Johnson has received a Bankruptcy Discharge of this Debt, this action <u>does not</u> seek any personal liability on the part of Defendant's, but only seeks in rem judgment against the property.

r) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
Federal Home Loan Mortgage Corporation (FHLMC),
By its attorneys,

Dated: May 18, 2022

<u>/s/Reneau J. Longoria, Esq.</u>
<u>/s/Lauren A. Thomas, Esq.</u>
Reneau J. Longoria, Esq. Bar No. 005746
Lauren A. Thomas, Esq. Bar No. 004181
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
RJL@dgandl.com
LT@dgandl.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| **Federal Home Loan Mortgage Corporation (FHLMC)** | CIVIL ACTION NO: 0 |
| **Plaintiff** | |
| vs. | RE:<br>**4 George Street, Springvale, ME 04083** |
| **Mary Johnson and James A. Johnson** | Mortgage:<br>**February 27, 2009**<br>**Book 15577, Page 257**<br>**York County Registry of Deeds** |
| **Defendants**<br>**KeyBank National Association**<br>**Kevin Gagnon** | |
| **Party-In-Interest** | |

**AFFIDAVIT RELATING TO MILITARY SEARCH**

I, Beth Stillings, hereby certify that on _____, 2022 I searched the Department of Defense/Defense Manpower Data Center (DOD/DMDC) and found that the Defendants, Mary Johnson and James A. Johnson, are not in the military. An affidavit as to the Defendants' military status will be filed with a Motion for Summary Judgment or at trial as Maine Courts accept such affidavits only at those times.

Dated: _____, 2022   _____
                                        Beth Stillings
                                        Paralegal

**COMMONWEALTH OF MASSACHUSETTS**

ESSEX, SS.                              Dated this \_\_\_ day of _____, 2022

COUNTY OF ESSEX

On this _____ day of _____, 2022, before me, the undersigned notary public, personally appeared Beth Stillings, who proved to me through satisfactory evidence of identification to be the person whose name is signed on this document, who swore or affirmed to me that the contents of the document are truthful and accurate to the best of his/her knowledge and belief.

_____
Notary Public