File on Demand

# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE



***********************************************************************************

James Johnson for JAMES JOHNSON, TRUST*

                                                                            *     2:22-CV-000148--LEW

                                                                            *

FEDERAL HOME LOAN MORTGAGE     *     MOTION TO VACATE
CORPORATION (FHLMC)                                  VOID PROCEEEDING
Purported Plaintiff

## MOTION TO VACATE VOID ACTION

James Johnson, by special appearance, waiving no rights or remedies, procedurally or otherwise, accept no benefits but by God. This purported action is not merely voidable, it is categorically void. I motion to vacate the purported foreclosure action Docket no. 2:22-CV000148--LEW void action.

**1. FEDERAL RULES OF CIVIL PROCEDURE**

Rule 60— Relief from Judgment or Order

(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:

(4) the judgment is void;

**2.** On motion brought pursuant to M.R. Civ. P. 60(b)(4), "a court at any time may relieve a party from a judgment when that judgment is void." Hamill v. Bay Bridge Assocs., 1998 ME 181, ¶ 4, 714 A.2d 829. A motion brought pursuant to Rule 60(b)(4) is not subject to the discretion of the trial court. Id. "The challenged judgment is either valid or void. If valid, the judgment stands; if void, it must be set aside."

**3.** The action, "judgement" is Void as the court transcended the limits of its authority in excepting the submission and entertaining the "purported plaintiff" "purported complaint" In the afore mentioned purported foreclosure action Docket no. 2:22-CV-000148--LEW.

**4.** The purported complaint by the "purported plaintiff" claimed "diversity jurisdiction"

**5.** The Erie doctrine is a fundamental legal doctrine of civil procedure in the United States which mandates that the federal court called upon to resolve a dispute not

directly implicating a federal question most commonly when sitting in diversity jurisdiction, **must apply state substantive law**.

**6.** The **state substantive law** to foreclose on property is Title 14 Subchapter 6: FORECLOSURE PROCEEDINGS BY CIVIL ACTION §6321. Commencement of foreclosure by civil action.

Title 14 §6321 In pertinent part: "In order to state a claim for foreclosure upon which relief can be granted,

**the** complaint must contain a certification of proof of ownership of **the** mortgage note.

The mortgagee shall certify proof of ownership of **the** mortgage note and produce evidence of **the** mortgage note, mortgage and all assignments and endorsements of **the** mortgage note and mortgage."

- Prima facie evidence refers to the articulable standing to act in which evidence reviewed by a judge and determined to be sufficient to warrant the standing in the action.

**7.** The prima facia evidence required by Title 14 §6321 In pertinent part: "In order to state a claim for foreclosure upon which relief can be granted,

1. proof of ownership of **the** mortgage note
2. produce evidence of **the** mortgage note,
3. **the** mortgage
4. **the** assignments
5. **the** endorsements of **the** mortgage note
6. **the** endorsements of **the** mortgage

**8.** The FEDERAL HOME LOAN MORTGAGE CORPORATION (FHLMC) never produced any of **"the"** aforementioned documents nor endorsements and it only takes the want of one of **"the"** genuine documents and or endorsements to prevent standing to state a claim for foreclosure upon which relief can be granted. Therefore, there has never been an articulable claim for foreclosure upon which relief can be granted making the purported action void from the beginning.

**9. "The"** means an article which particularizes the subject spoken of. "The most unlettered person understands that "a" is indefinite, but "the" refers to a certain object."

**10.** State of Maine Revised Statute Title 11: UNIFORM COMMERCIAL CODE

Article 1-A: GENERAL PROVISIONS Part 2: GENERAL DEFINITIONS

(19). "Genuine" means free of forgery or counterfeiting.

**11.** Use of "a" copy "counterfeit" of any document to claim standing to foreclose on any property in the state of Maine courts or the federal courts would not create the standing

necessary to foreclose therefore no foundation for a foreclosure action in accordance with **the state substantive law** "Title 14 §6321 In pertinent part: "In order to state a claim for foreclosure upon which relief can be granted."

**12.** If it is not **"the" genuine document,** It is not prima facia evidence to entertain the foreclosure action in the state of Maine or the federal courts as it is **the** fundamental foundation for **the** action to commence. To commence an action to foreclose without the foundation to even prove standing to state a claim for foreclosure upon which relief can be granted confounds the "reasonable man doctrine," as it refers to a test whereby a hypothetical person is used as a legal standard, especially to determine if someone acted without right. This hypothetical person referred to as the reasonable/prudent man exercises average care, skill, and judgment in conduct that society requires of its members for the protection of their own and of others' interests.

**13.** The court did in fact take for submission a purported complaint without right that did not even offer up to the court evidence of ownership of "the mortgage note"

**14.** The court did in fact take for submission a purported complaint without right that did not even offer up to the court evidence of ownership of "the mortgage".

**15.** The court did in fact take for submission a purported complaint without right that did not even offer up to the court evidence of ownership of "all the assignments".

**16.** The court did in fact take for submission a purported complaint without right that did not even offer up to the court evidence of ownership of "the endorsements" of "the mortgage note".

**17.** The court did in fact take for submission a purported complaint without right that did not even offer up to the court evidence of ownership of "the endorsements" of "the mortgage".

**18.** The act of the court to ignore the **state substantive law** that of Title 14 Subchapter 6: FORECLOSURE PROCEEDINGS BY CIVIL ACTION § 6321. Commencement of foreclosure by civil action, is in fact the act that transcended the limits of Its authority. This alone makes the entire purported action Titled Complaint in Diversity, FEDERAL HOME LOAN MORTGAGE CORPORATION (FHLMC) v. JAMES JOHNSON Docket no. 2:22-CV-000148--LEW void ab initio "from the beginning".

**19.** This court never obtained jurisdiction to hear the purported foreclosure action or make anything, but sorry we don't have the authority to hear your requested action; as it does not conform to the State of Maines substantive law Title 14 Subchapter 6: FORECLOSURE PROCEEDINGS BY CIVIL ACTION §6321. Commencement of foreclosure by civil action.

**20. Title 14: COURT PROCEDURE** § 6321 in pertinent part: "In order to state a claim for foreclosure upon which relief can be granted," the complaint must contain a

certification of proof of ownership of the mortgage note. proof of ownership of **the** mortgage note produce evidence of **the** mortgage note, **the** mortgage **the** assignments **the** endorsements of **the** mortgage note.

**21.** A court shall not render a judgment which transcends the limits of its authority, and a judgment is void if it is beyond the powers granted to the court by the law of its organization, even where the court has jurisdiction over the parties and the subject matter. Thus, when a court is authorized by statute to entertain jurisdiction in a particular action only and undertakes to exercise the jurisdiction conferred in an action to which the statute has no application, the judgment rendered is void. The lack of statutory authority to make a particular order or a judgment is akin to lack of subject matter jurisdiction and is subject to collateral attack. 46 Am. Jur. 2d, Judgments §25, pp. 388-89.

**22.** I James Johnson, move this court to dismiss and expunge the record of this purported action docket no. 2:22-CV000148--LEW immediately to prevent even more irreparable harm to me and my rights to my property WITH PREDUDICE as the purported action is void for want of standing.

Respectfully, All rights Reserved

Date 6-17-22    *James Johnson*
James - Johnson, Beneficiary; the man

4 George Street

Springvale, Me near [04083]

Witness _Carol Dupont_ Date 6-17-22

Witness _(signature)_ John Tolketon Date 6-17-22

Witness _Tami Johnson_ Date 6-17-22

File on Demand

| | |
|---|---|
| FEDERAL HOME LOAN MORTGAGE CORPORATION (FHLMC);<br>Purported Plaintiff<br><br>v.<br><br>James Johnson for JAMES JOHNSON, TRUST | 2:22-CV-000148--LEW<br><br>Order |

For failure to state a claim for foreclosure upon which relief can be granted as per Maine statute under Title 14 § 6321, this court orders to discharge, vacate and expunge entire action of DOCKET 2:22-CV-000148--LEW.

Date: _____

                                          Judge for the
                                          United State District Court
                                          District of Maine

**Proof of Service**

From:

It is hereby certified, that on the date noted below, the undersigned mailed to:

To:
    Reneau J. Longoria,
    Doonan, Graves & Longoria, LLC
    100 Cummings Center, Suite 225D
    Beverly, Massachusetts 01915

Contents:

1. Proof of Service
2. Motion to vacate void
3. Order

Date: 6-17-22     By: Tami Johnson

all rights reserved

print name of sender