UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| FEDERAL HOME LOAN ) | |
| MORTGAGE CORPORATION ) | |
| Plaintiff ) | |
| ) | Civil Action No. 2:22-cv-00148-LEW |
| vs ) | |
| ) | |
| MARY JOHNSON, *et als.* ) | |
| ) | |
| Defendants ) | |

MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED (With Incorporated Memorandum of Law) AND CROSSCLAIM AND COUNTERCLAIM

      Now comes Defendant Mary Johnson and, in response to the Plaintiff's Complaint, states as follows:

MOTION TO DISMISS

      Defendant Mary Johnson moves to dismiss the Plaintiff's Complaint pursuant to F.R. Civ. P 12(b)(6), for failure to state a claim upon which relief can be granted. In support thereof Defendant Mary Johnson states as follows:

I

      1.    In Count I of the Plaintiff's Complaint, the Plaintiff seeks foreclosure and sale of a certain Mortgage, as the assignee thereof.

      2.    The source of the Plaintiff's title is a Mortgage given to Mortgage Electronic Registration Systems, Inc (MERS) in the following terms (Plaintiff's Complaint, Exhibit C, page 1)

> *"MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501–2026, tel. (888) 679–MERS. FOR PURPOSES OF RECORDING THIS MORTGAGE, MERS IS THE MORTGAGEE OF RECORD.*

      3.    In *Bank of America v. Greenleaf, et al., 2014 ME 89 (Greenleaf),* the Maine Supreme Judicial Court held that an identical conveyance to MERS did not authorize MERS to

foreclose on the Mortgage, its assignee therefore lacked standing to do so, and dismissed the complaint. *Id. at ¶ 17.*

4. The Plaintiff therefore lacks standing.

II

5. In Counts I and II of the Plaintiff's Complaint, the Plaintiff seeks foreclosure and sale of a certain Mortgage, and enforcement of a certain Note.

6. Pursuant to Maine Law, in a transaction such as the one described in the Plaintiff's Complaint, a creditor in the position of the Plaintiff must afford a consumer in the position of the Defendant with a Notice of Right to Cure, as a prerequisite to the right to bring suit. *14 M.R.S.§ 6111. See, Greenleaf at ¶29 – 31.*

7. The Plaintiff alleges it provided such a Notice using the following language

*The amount required to cure the default shown above does not include any amounts that become due after the date of this notice. Additional payments may become due and fees and other charges may continue to be assessed to your account after the date of this letter pursuant to the terms of the Security Instrument. In addition, there may be other fees, escrow advances or corporate advances that SPS paid on your behalf or advanced to your account not itemized in this letter.*

*While these amounts are not required to cure the payment default, you still owe these amounts. To obtain the amount required to bring the loan current, please contact SPS at our toll free number 800-635-9698. SPS is not waiving its right to demand that you pay these amounts at a later date. SPS's acceptance of one or more payments for less than the Amount Required to Cure shall not be deemed a waiver of any rights under the Security Instrument.*

8. In *Greenleaf*, the Law Court held

*[S]ection 6111 effectively freezes such additions to the payoff amount during the cure period. Because the amount due as stated in the notice of default is the precise amount that the mortgagor has thirty-five days to pay in order to cure the default, the amount due is not, as the Bank suggests, open to any further accrual during that period. Given our clear directive that foreclosure plaintiffs must strictly comply with all statutory foreclosure requirements, Higgins, 2009 ME 136, ¶ 11, 985 A.2d 508; Camden Nat'l Bank v. Peterson, 2008 ME 85, ¶ 21, 948 A.2d 1251, and in light of the purposes served by section 6111, we agree with Greenleaf that the notice of default he received from the Bank did not comply with section 6111.*

9. While the Notice in the instant case tries, in a halfhearted way, to comply with the requirements of §6111, as articulated in *Greenleaf*, it still left the delinquent amount accruing and left the borrower in immediate default if the borrower did not pay the accruing sums as well.

10. The Plaintiff has failed to allege that it complied with its statutory obligation to give the Defendant a Notice of Right to Cure.

III

11. In Count II of the Plaintiff's Complaint, the Plaintiff seeks enforcement of a certain Note.

12. The Plaintiff's Complaint concedes that Defendant Mary Johnson did not sign the said Note (Plaintiff's Complaint at ¶ 10 and Exhibit B) and Exhibit C, at ¶ 13 of the Plaintiff's Complaint, sets forth clearly the obligation that Defendant Mary Johnson allegedly undertook

> *However, if one of us does not sign the Note: (a) that Person is signing this Security Instrument only to give that Person's rights in the Property to Lender under the terms of this Security Instrument; (b) that Person is not personally obligated to pay the Sums Secured;*

13. Under no set of circumstance can the Plaintiff prevail on this theory of recovery.

IV

14. In Count III of the Plaintiff's Complaint, the Plaintiff seeks damages for Breach of Contract.

15. The contract alleged by the Plaintiff is the Mortgage reproduced at Exhibit C to its Complaint.

16. The Mortgage Deed alleged by the Plaintiff sets forth clearly the obligation that Defendant Mary Johnson allegedly undertook in the alleged Mortgage

> *However, if one of us does not sign the Note: (a) that Person is signing this Security Instrument only to give that Person's rights in the Property to Lender under the terms of this Security Instrument; (b) that Person is not personally obligated to pay the Sums Secured; Exhibit C, ¶ 13.*

17. Whether or not the Plaintiff can establish that there was a breach of contract, there is no set of circumstances under which Defendant Mary Johnson is liable to the Plaintiff for damages under this theory of recovery

## V

18. In Count IV of the Plaintiff's Complaint, the Plaintiff seeks damages under the theory of Quantum Meruit.

19. The Maine Supreme Judicial Court has explained the elements of a claim in Quantum Meruit. They are

> *A valid claim in quantum meruit requires: "that (1) services were rendered to the defendant by the plaintiff; (2) with the knowledge and consent of the defendant; and (3) under circumstances that make it reasonable for the plaintiff to expect payment." Bowden v. Grindle, 651 A.2d 347, 351 (Me.1994).*

> *While the formalities of an express contract are not a prerequisite to recovery in quantum meruit, there must be a reasonable expectation on the part of the claimant to receive compensation for his services and a "concurrent intention" of the other party to compensate him. Estate of White, 521 A.2d 1180, 1183 (Me.1987).*

20. The "expectation" of the claimant is set forth clearly in the Plaintiff's Complaint at Exhibit C thereof

> *However, if one of us does not sign the Note: (a) that Person is signing this Security Instrument only to give that Person's rights in the Property to Lender under the terms of this Security Instrument; (b) that Person is not personally obligated to pay the Sums Secured; Exhibit C, ¶ 13.*

21. Accepting as true the allegations of the Plaintiff's complaint, *arguendo*, there is no "expectation" that would support a recovery of damages under the theory of Quantum Meruit.

## VI

22. In Count V of the Plaintiff's Complaint, the Plaintiff seeks damages under the theory of Unjust Enrichment.

23. The Maine Supreme Judicial Court has explained the elements of a claim in Unjust Enrichment. They are

> *Unjust enrichment describes recovery for the value of the benefit retained when there is no contractual relationship, but when, on the grounds of fairness and justice, the law compels performance of a legal and moral duty to pay, and the "damages analysis is based on principles of equity, not contract." Aladdin Elec. Assoc. v. Town of Old Orchard Beach, 645 A.2d 1142, 1145 (Me. 1994.)*

24. Accepting as true the allegations of the Plaintiff's complaint, *arguendo*, there is a contract, drafted by the Plaintiff's predecessor, that specifically absolves the Plaintiff from any liability for money damages. See Complaint, Exhibit C, ¶ 13. As such, there is no conceivable set of circumstances that would support a recovery under the theory of Unjust Enrichment.

Wherefore, Defendant Mary Johnson prays that the Plaintiff's Complaint be dismissed, that sanctions be assessed against the Plaintiff pursuant to F.R.Civ.P 11, that Defendant Mary Johnson be awarded attorney's fees and costs pursuant to 14 M.R.S.A § 6101, for interest and for such other and further relief as the Court deems just.

## CROSS CLAIM

Now comes Defendant Mary Johnson and as Cross Claim against Defendant James Johnson states as follows:

1. Defendant Mary Johnson and Defendant James Johnson were divorced by Order of the Maine District Court, sitting in Springvale, Maine. In that Order all obligations under the Mortgage alleged by the Plaintiff in its Complaint, hereinabove, were set apart to Defendant James Johnson as a marital debt and he was ordered to indemnify Defendant Mary Johnson, therefore.

2. Any judgment the Court might award against Defendant Mary Johnson is, on account of that Order, the obligation of Defendant James Johnson.

3. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

Wherefore, Defendant Mary Johnson prays for an order of indemnification against Defendant James Johnson and for her costs and for such other and further relief as the Court deems just.

## COUNTERCLAIM

Now comes Defendant Mary Johnson, and as Counterclaim against the Plaintiff, states as follows:

1. The Plaintiff is a debt collector, as that term is used in the Fair Debt Collection Practices Act (FDCPA). *15 U.S.C § 1692, et seq*. This Court has jurisdiction of a claim under the FDCPA pursuant to *15 U.S.C § 1692(k)(D.)*, regardless of the amount in controversy.

2.     The allegations in the Plaintiff's Complaint hereinabove, insofar as they allege an obligation on the part of Defendant Mary Johnson to pay money damages to the Plaintiff, constitute "false representations", as that term is used in the FDCPA (*15 U.S.C § 1692e*), in that they misstate the character, amount, or legal status of any debt, and constitute a threat to take an action that cannot legally be taken

3.     Defendant Mary Johnson has suffered actual damages, including legal expenses, inconvenience, opportunity loss and emotional distress, on account of the Plaintiff's illegal conduct as aforesaid.

Wherefore, Defendant Mary Johnson prays that she be awarded such damages as are meet and just under her Counterclaim, for statutory damage, for interest, costs, attorney's fees and for such other and further relief as the Court deems just.

Dated: July 15, 2022                                             MARY JOHNSON,

By Her Attorney,
/s/ Thomas G Van Houten
Thomas G. Van Houten, Esq.

Thomas G. Van Houten, Esq.
481 Main St., Suite C8
P.O. Box 667 Springvale ME 04083
Bar Number 1904
(207) 324-4057
Info@VanHoutenLaw.com

CERTIFICATE OF SERVICE

I hereby certify that, on July 15, 2022, I have served a copy of the foregoing Motion upon all parties appearing by counsel in the matter via the Court's electronic filing system and with respect to those who have not so appeared, to wit:

James A. Johnson
4 George Street
Springvale, ME 0408

Kevin Gagnon,
103 Partridge Drive
Middleton, NH 03887.

Key Bank National Association,
4910 Tideman Road, Suite C.
Brooklyn, OH. 44144.

I have this day cause a true copy of the Motion to be sent, by first class mail, postage prepaid, addressed as indicated.

| | |
|---|---|
| <u>July 15, 2022</u> | <u>/s/ Thomas G Van Houten</u> |
| Date | Thomas G. Van Houten, Esq. Bar # 1910 |
| | Attorney for Defendant Mary Johnson |