UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **Federal Home Loan Mortgage Corporation (FHLMC)** | CIVIL ACTION NO: 2:22-cv-00148-LEW |
| Plaintiff | **PLAINTIFF'S OPPOSITION TO DEFENDANT, JAMES JOHNSON'S MOTION TO VACATE VOID ACTION** |
| vs. | RE: 4 George Street, Springvale, ME 04083 |
| **Mary Johnson and James A. Johnson** | Mortgage: February 27, 2009 Book 15577, Page 257 |
| Defendants | York County Registry of Deeds |
| **KeyBank National Association** **Kevin Gagnon** | |
| Parties-in-Interest | |

NOW COMES, Plaintiff, Federal Home Loan Mortgage Corporation (FHLMC) ("Plaintiff"), by and through undersigned counsel and hereby responds to the Motion to Vacate Void Action [ECF No. 12] filed by Defendant, James A. Johnson ("Defendant").

## I.   PROCEDURAL HISTORY

This matter was initiated by the Filing of a Complaint for Foreclosure and Sale and other Counts on May 18, 2022 and the Defendants were served on May 23 and 24, 2022, respectively. Defendant, James A. Johnson filed a Motion June 27, 2022 (outside the deadline for filing a responsive pleading) on June 27, 2022 entitled "Motion to Vacate Void Action".

## II.   PRELIMINARY STATEMENT

The Defendant has purportedly pled under Federal Rule of Civil Procedure 60(b) to "vacate void action". As a preliminary matter, that particular Rule applies to judgments and not the initial filing of a Complaint. Moreover "[Relief under Rule 60(b) is extraordinary in nature and …

motions invoking that rule should be granted sparingly." *Giroux v. Fed. Nat. Mortg. Ass'n,* 810 F.3d, 106 (1ˢᵗ Cir. 2016) (alterations in *Giroux*) (alterations in *Giroux)* (quoting *Karak v. Bursaw Oil Corp.* 288 F.3d 15, 19 (1ˢᵗ Cir. 2002)). The Court may interpret this filing as a Motion to Dismiss, in that scenario, Fed. R. Civ. P. 12(b)(6) allows for the dismissal of a complaint, if it fails to state a claim upon which relief can be granted. Dismissal is appropriate when the complaint fails to plead sufficient facts demonstrating a plausible entitlement to the relief requested. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1950 (2009). When reviewing a complaint for dismissal, the "factual allegations must be enough to raise a right to relief above the speculative level . . .". *Bell Atlantic Corp.,* 550 U.S. at 555. In order to survive a motion to dismiss, a complaint must allege enough facts to support a claim for relief that is not just "conceivable" but "plausible on its face." *Id.* at 570. Bare allegations and legal conclusions and/or a "formulaic recitation of a cause of action's elements will not do." *Id.* at 555.

In reviewing a motion to dismiss, when a complaint includes exhibits and said exhibits contradict the allegations set forth in the complaint, the exhibits control. *Clorox Co. v. Procter & Gamble Commercial Co.* 228 F.3d 24, 32 (1st Cir. 2000). As outlined below, the subject complaint and attached exhibits in this action, clearly meet the criteria for judgment of Foreclosure and Sale to enter under Maine foreclosure statute and for breach of contract, etc. and the Defendant's Motion should not be granted.

It is further worth noting that the Defendant's pleading appears to be a variation of the "sovereign nation" arguments that have repeatedly, and consistently been rejected by Federal Courts. They have been termed frivolous and having "no conceivable validity in American law." *United States v. Schneider,* 910 F. 2d 1569, 1570 (7ᵗʰ Cir. 1990); *United States v. Hilgefard,* 7 F.3d 1340, 1342 (7ᵗʰ Cir.

1993) (rejecting the "shop worn" argument that a defendant is a sovereign and is beyond the jurisdiction bounds of the district court); *Sigler v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997) ("A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.").

### III.    LEGAL STANDARD

<u>Elements of Proof of a Foreclosure and Sale Action in Maine Established</u>

Pursuant to 14 M.R.S. § 6322, and precedent established by, but not limited to, *Chase v. Higgins*, 2009 ME 136 (2009); *H.S.B.C. Bank, as Trustee v. Gabay*, 2011 ME 101 (2011); *Deutsche Bank Nat'l Trust Co. v. Raggiani*, 2009 ME 120, ¶¶ 5-8, 985 A.2d 1 (2009); *Wells Fargo Bank, N.A. v. deBree*, 2012 ME 34 (2012); *Beneficial Maine Inc., v. Carter,* 2011 ME 77 (2011) and *Bank of America v. Cloutier*, 2013 ME 17 (Me. 2013), the Plaintiff has met its burden by pleading:

- "the existence of the mortgage, including the book and page number of the mortgage, and an adequate description of the mortgaged premises, including the street address, if any, *see* P.L. 2009, ch. 402, §§ 9, 17 (effective June 15, 2009) (amending 14 M.R.S. §§ 2401(3), 6321 (2008));

- properly presented proof of ownership of the mortgage note and the mortgage, including all assignments and endorsements of the note and the mortgage, M.R. Civ. P. 56(j) (amendment effective Aug. 3, 2009); *see* P.L. 2009, ch. 402, § 17 (effective June 15, 2009) (amending 14 M.R.S. § 6321 (2008));

- a breach of condition in the mortgage, *Johnson v. McNeil,* 2002 ME 99, ¶ 17, 800 A.2d 702, 705; *see* 14 M.R.S. § 6322 (2008);

- the amount due on the mortgage note, including any reasonable attorney fees and court costs, *Johnson,* 2002 ME 99, ¶ 17, 800 A.2d at 705; *see* 14 M.R.S. § 6322; P.L. 2009, ch. 402, § 11 (effective June 15, 2009) (to be codified at 14 M.R.S. § 6111(1-A));

- the order of priority and any amounts that may be due to other parties in interest, including any public utility easements, *Johnson*, 2002 ME 99, ¶ 17, 800 A.2d at 705; *see* 14 M.R.S. § 6322;

- evidence of properly served notice of default and mortgagor's right to cure in compliance with statutory requirements, in accordance with 14 M.R.S. 6111; M.R. Civ. P. 56(j); *see* 14 M.R.S. § 6111; and

- the defendants are not in military service in accordance with the Servicemembers Civil Relief Act, *see* 50 U.S.C.S. app. § 521 (LexisNexis Supp. 2009); M.R. Civ. P. 55(b)(4)." *Chase v. Higgins* 2009 ME 136 (2009); *see also, Camden Nat'l Bank v. Peterson*, 2008 ME 85, ¶ 21, 948 A.2d 1251, 1257 (stating that a party seeking foreclosure must comply strictly with all steps required by statute).

The Complaint as pled, read in the light most favorable to the Plaintiff, establishes each of the required elements of proof in the foreclosure not only as pled but by including copies of all of the documentary evidence required under the statute.

A similar, if not identical argument was made by Shannon Moore in *U.S Bank Trust, N.A., as Trustee v. Shannon R. Moore,* 2:19-cv-00157-JAW, and was rejected (E.C.F. 229)("Nowhere in the statute does it state, as Ms. Moore believes, that to initiate a foreclosure, the mortgagee must produce the original of these documents.") *see, also, Bank of America v. Cloutier,* 2013 ME 17, 61 A.3d 1242*,* 1247 (Me. 2013) ("The plain language of the statute best supports the conclusion that the phrase "certify proof of ownership of the mortgage note" requires only that a foreclosure plaintiff identify the owner or economic beneficiary…") This requirement is satisfied at numerous paragraphs of the original complaint including paragraphs 19, 20, 29, and 30.

Moreover, at trial, the Plaintiff will be able to produce the original note and copies of the various other documents attached to the Complaint in an admissible manner in accordance with various Federal Rules of Evidence 803(6) (Business Records Exception to the Hearsay Rule); Rule

902 (Self-Authenticating Public Records); Rule 1003 (Admissibility of Duplicates); Rule 1004 (Admissibility of Other Evidence of Content) and Rule 1005 (Copies of Public Records).

## IV.     CONCLUSION

This Court has before it arguments that have already been rejected by Judge Woodcock (*U.S Bank Trust, N.A., as Trustee v. Shannon R. Moore,* 2:19-cv-00157-JAW), Judge Levy (*U.S. Bank Trust, NA as Trustee v. Greg A. King,* 1:19-cv-00119-JDL) and, as outlined above, numerous Federal Courts. Further, this well pled complaint meets all of the statutory and caselaw requirements for foreclosure and sale in the State of Maine. The Defendant's pleading, regardless of how interpreted by this Court, should be rejected.

Dated:  July 18, 2022                                                /s/Reneau J. Longoria, Esq.
                                                                                  Reneau J. Longoria, Esq. Bar No. 005746
                                                                                  Attorney for Plaintiff
                                                                                  Doonan, Graves & Longoria, LLC
                                                                                  100 Cummings Center, Suite 303C
                                                                                  Beverly, MA 01915
                                                                                  (978) 921-2670
                                                                                  RJL@dgandl.com

## CERTIFICATE OF SERVICE

      I, Reneau J. Longoria, Esq. hereby certify that on this 18th day of July, 2022, I served a copy of the above document by electronic notification using the CM/ECF system and/or First Class Mail to the following:

/s/Reneau J. Longoria, Esq.
Reneau J. Longoria, Esq. Bar No. 005746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
RJL@dgandl.com

James A. Johnson
4 George Street
Springvale, ME 04083

James A. Johnson
1417 N. Magnolia Avenue
Ocala, FL 34475

Mary Johnson
c/o Thomas G. Van Houten, Esq.
481 Main St., Suite C8
P.O. Box 667
Springvale ME 04083

Kevin Gagnon
103 Partridge Dr
Middleton, NH 03887

Key Bank National Association
c/o Corporation Service Company
45 Memorial Circle
Augusta, ME 04330