UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **Federal Home Loan Mortgage Corporation (FHLMC)** | **CIVIL ACTION NO: 2:22-cv-00148-LEW** |
| **Plaintiff** | **PLAINTIFF'S FINAL PRETRIAL MEMORANDUM** |
| vs. | RE:<br>4 George Street, Springvale, ME 04083 |
| **Mary Johnson and James A. Johnson** | Mortgage:<br>February 27, 2009 |
| **Defendants** | Book 15577, Page 257<br>York County Registry of Deeds |
| **KeyBank National Association**<br>**Kevin Gagnon** | |
| **Party-in-Interest** | |

NOW COMES the Plaintiff, Federal Home Loan Mortgage Corporation (FHLMC), by and through its undersigned counsel, and hereby provides its Final Pretrial Conference Memorandum, pursuant to Local Rule 16.4.

From the Plaintiff's perspective, this is a straightforward foreclosure and related claims action as affected by the Defendant, Mary Johnson's, discharge in Bankruptcy.  The Plaintiff stipulates that the Defendant, Mary Johnson, did not sign the subject promissory Note and has obtained her discharge in Bankruptcy, as such Defendant, Mary Johnson, has no personal liability and that Plaintiff's relief is limited to *in rem* relief against the subject property.  Mary Johnson, through her Counsel, Thomas A. Cox Esq., has entered into a settlement agreement with Plaintiff the essential terms of which have been completed and include consent to the Count for Foreclosure and Sale.

The evidence at trial will prove that Notice in conformity with 14 M.R.S.A. § 6111 was made upon the Defendants by certified mail, return receipt requested.

1

The information derived from the Plaintiff's business records are admissible in evidence under Rule 803(6) of the Federal Rules of Evidence (the business records exception to the hearsay rule). *Northeast Bank & Trust Co. v. Soley*, 481 A.2d 1123 (Me. 1984) and *Beneficial Maine Inc., v. Carter*, 2011 ME 77 (2011).

The facts proven at trial relating to the execution of the note and mortgage, assignment of the mortgage to Plaintiff, endorsement and transfer of the Note to Plaintiff in accordance with 11 M.R.S.A. §§ 3-1201 and 3-1203, default in payment of this note and the amount due, entitle the Plaintiff to Judgment as a matter of law under 14 M.R.S.A. § 6322.

Pursuant to 14 M.R.S. § 6322 and precedent established by, but not limited to, *Chase v. Higgins*, 2009 ME 136 (2009); *H.S.B.C. Bank, as Trustee v. Gabay*, 2011 ME 101 (2011); *Deutsche Bank Nat'l Trust Co. v. Raggiani*, 2009 ME 120, ¶¶ 5-8, 985 A.2d 1 (2009); *Wells Fargo Bank, N.A. v. deBree*, 2012 ME 34 (2012); *Beneficial Maine Inc., v. Carter*, 2011 ME 77 (2011) and *Bank of America v. Cloutier*, 2013 ME 17 (Me. 2013), the Plaintiff will meet its burden by proving:

- "the existence of the mortgage, including the book and page number of the mortgage, and an adequate description of the mortgaged premises, including the street address, if any, *see* P.L. 2009, ch. 402, §§ 9, 17 (effective June 15, 2009) (amending 14 M.R.S. §§ 2401(3), 6321 (2008));

- properly presented proof of ownership of the mortgage note and the mortgage, including all assignments and endorsements of the note and the mortgage;

- a breach of condition in the mortgage, *Johnson v. McNeil*, 2002 ME 99, ¶ 17, 800 A.2d 702, 705; *see* 14 M.R.S. § 6322 (2008);

- the amount due on the mortgage note, including any reasonable attorney fees and court costs, *Johnson*, 2002 ME 99, ¶ 17, 800 A.2d at 705; *see* 14 M.R.S. § 6111(1-A);

- the order of priority and any amounts that may be due to other parties in interest, including

- any public utility easements, Johnson, 2002 ME 99, ¶ 17, 800 A.2d at 705; *see* 14 M.R.S. § 6322;

- evidence of properly served notice of default and mortgagor's right to cure in compliance with statutory requirements, in accordance with 14 M.R.S. 6111; *see* 14 M.R.S. § 6111; and

- the Defendants are not in military service in accordance with the Servicemembers Civil Relief Act, *see* 50 U.S.C.S. App. § 521 (LexisNexis Supp. 2009); M.R. Civ. P. 55(b)(4). *Chase v. Higgins* 2009 ME 136 (2009).

A promissory note, secured by a mortgage, is a negotiable instrument, and therefore it is governed by the provisions of the Uniform Commercial Code, as codified in 11 M.R.S. § 3-1101, *et seq.* A person or entity may be a person or entity "entitled to enforce the instrument even though the person is not the owner of the instrument." 11 M.R.S. § 3-1301(3). A holder of the note, as defined as a person or entity entitled to enforce an instrument pursuant to 11 M.R.S. § 3-1301, has standing to initiate, pursue and prevail in a foreclosure action. *See Bank of America v. Cloutier*, 2013 ME 17 (Me. 2013).

The Note is a self-authenticating document pursuant to Fed. R. Evid. 902(9). Rule 902(9) specifically provides that "no extrinsic evidence of authenticity in order to be admitted [.…...] Commercial paper, a signature on it, and related documents to the extent provided by general commercial law." Fed. R. Evid. 902(9). The term "commercial paper" is defined as "an instrument, other than cash, for the payment of money. Commercial paper – typically existing in the form of a draft (such as a check) or a note (such as a certificate of deposit) – is governed by Article 3 of the [Uniform Commercial Code]". Black's Law Dictionary, 9th ed., 2009 (defining *Paper, commercial paper*). There is no question that Article 3 of the Uniform Commercial Code ("UCC"), as codified in Maine statute, is applicable to the transaction at issue here. See 11 M.R.S. § 3-1101, *et seq.*; *Bank of America,*

*N.A. v. Cloutier*, 2013 ME 17 (Me. 2013). As a negotiable instrument, governed by Article 3 of the UCC, the Note qualifies as commercial paper.

In addition, the Mortgage and Assignments of Mortgage herein are self-authenticating documents. Fed. R. Evid. 902(4). Fed. R. Evid. 902(4) provides that "they require no extrinsic evidence of authenticity in order to be admitted…a copy of an official record – or a copy of a document that was recorded or filed in a public office as authorized by law…" Fed. R. Evid. 902(4). As certified copies of public records, the Mortgage and Assignments are self-authenticating documents. *See also* Fed. R. Evid. 1005 (noting that the contents of a public record are proved by a certified copy).

Furthermore, the Mortgage and Assignments of Mortgage are admissible pursuant to Federal Rules of Evidence 803(14) as documents affecting an interest in property. As such, the foundational requirements of Rule 803(6) are not required, and Plaintiff's exhibits are admissible on this ground also.

Therefore, Plaintiff is entitled to a Judgment of Foreclosure and Sale of the subject property.

The Plaintiff plans on calling the following witnesses at trial:

**WITNESSES:**

1. Defendant, James A. Johnson; and
2. Representative of Select Portfolio Servicing, Inc., servicer for the holder and note for FHLMC

**EXHIBITS:**

1. Promissory Note in the amount of $82,500, executed by James A. Johnson on February 27, 2009, for the benefit of Taylor, Bean & Whitaker Mortgage Corp..
2. Mortgage Deed securing the residence located at 4 George Street, Springvale ME

4

04083, executed by James A, Johnson and Mary Johnson on February 27, 2009, for the benefit of Mortgage Electronic Registration Systems, Inc. as nominee for Taylor, Bean & Whitaker Mortgage Corp., recorded in the York County Registry of Deeds in **Book 15577, Page 257**.

3. Assignment of Mortgage to Nationstar Mortgage, LLC, dated September March 27, 2015, and recorded in **Book 16992, Page 307.**

4. Assignment of Mortgage to Select Portfolio Servicing, Inc., dated December 7, 2018, and recorded in **Book 17858, Page 624**.

5. Quitclaim Assignment of Mortgage to Select Portfolio Servicing, Inc., dated August 26, 2019, and recorded in **Book 18116**, **Page 904**.

6. Assignment of Mortgage to Federal Home Loan Mortgage Corporation (FHLMC), dated March 17, 2020, and recorded in **Book 18220, Page 116**.

7. Notice of Mortgagor's Right to Cure to Robert L. Morin and Mary Johnson dated October 30, 2021

8. Loan History of subject mortgage.

9. Affidavit of Commencement, dated May 25, 2022 and recorded in **Book 19035, Page 14.**

10. Military Status Report pursuant to the Servicemembers Civil Relief Act demonstrating that Defendants are not in the military.

11. Executed Consent Judgment.

|  |  |
|---|---|
|  | Respectfully Submitted, |
| Dated: July 17, 2023 | /s/Reneau J. Longoria, Esq. |
|  | Reneau J. Longoria, Esq. Bar No. 005746 |
|  | Attorney for Plaintiff |
|  | Doonan, Graves & Longoria, LLC |
|  | 100 Cummings Center, Suite 303C |
|  | Beverly, MA 01915 |
|  | (978) 921-2670 |
|  | RJL@dgandl.com |

## CERTIFICATE OF SERVICE

I, Reneau J. Longoria, Esq., hereby certify that on this 17th day of July, 2023, I served a copy of the above document by electronic notification using the CM/ECF system and/or First Class Mail to the following:

/s/Reneau J. Longoria, Esq.
Reneau J. Longoria, Esq. Bar No. 005746

James A. Johnson
4 George Street
Springvale, ME 04083

James A. Johnson
1417 N. Magnolia Avenue
Ocala, FL 34475

Mary Johnson
c/o Thomas A. Cox, Esq.
(via ECF only, per Attorney Cox's request)

Mary Johnson
c/o Thomas G. Van Houten, Esq.
P.O. Box 667
481 Main Street, Suite C8
Springvale, ME 04083

Kevin Gagnon
103 Partridge Dr
Middleton, NH 03887

Key Bank National Association
Corporation Service Company
45 Memorial Circle
Augusta, ME 04330